UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARYTA DUBRAVA,<br><br>                Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. C24-1595-MLP<br><br>ORDER |

On March 6, 2025, Plaintiff filed an unopposed motion for Equal Access to Justice Act ("EAJA") fees and costs. (Dkt. # 16.) EAJA provides that "[a] party seeking an award of fees and other expenses shall," in addition to other requirements, "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). This sentence "requir[es] the applicant simply to 'allege' that the position of the United States was not substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004); *see also Grendler v. Kijakazi*, 2023 WL 144157, at *1 (D. Or. Jan. 10, 2023) (denying without prejudice EAJA fee petition lacking an allegation that the government's position was not substantially justified because "the Court will not infer matters that are mandated under statute to be expressly included

ORDER - 1

in the fee petition."). Here, Plaintiff's motion does not allege that the government's position was not substantially justified as requires.

Plaintiff's motion also requests that EAJA fees be made payable to Plaintiff's counsel. (Dkt. # 16 at 2.) Generally, EAJA fees are payable first to Plaintiff and are subject to an offset against any pre-existing debt Plaintiff owes to the government. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). However, district courts in the Ninth Circuit recognize an exception allowing direct payment to Plaintiff's counsel where (1) the government determines no debt is owed, and (2) Plaintiff has validly assigned her right to EAJA fees to her counsel. *See*, *e.g.*, *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1085 (E.D. Cal. Mar. 22, 2017) (collecting district court cases from the Ninth Circuit permitting payment of EAJA fees directly to plaintiff's counsel under these conditions). In this case, no assignment agreement has been brought to the Court's attention. Therefore, if Plaintiff or Plaintiff's attorney prefers that payment be made directly to the attorney, they must first provide such an assignment agreement.

For the foregoing reasons, the Court DENIES the motion (dkt. # 16) without prejudice and with leave to file an amended petition that cures the identified deficiencies.

Dated this 21st day of March, 2025.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2